**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DOUGLAS STACEY, et al.,

    Plaintiff(s),

v.

MERCURY CASUALTY COMPANY,

    Defendant(s).

2:14-CV-814 JCM (GWF)

**ORDER**

Presently before the court is defendant Mercury Casualty Co.'s motion to dismiss. (Doc. # 6). Plaintiffs Douglas and Shellie Stacey have filed a response (doc. # 9)[1] to which defendant replied (doc. # 11).

**I.     Background**

Plaintiffs originally filed this action in state court, alleging the following claims: (1) breach of contract; (2) breach of fiduciary duty/bad faith; (3) breach of the covenant of good faith; (4) violation of the Unfair Claims Practices Act; and (5) negligent and/or intentional misrepresentation. (Doc. # 1-2). Defendant removed this action on May 22, 2014. (Doc. # 1-1).

The case arises out of an automobile accident that occurred on December 12, 2010, from which plaintiffs suffered injuries caused by a non-party tortfeasor, Srinivasa Senapathi. (Doc. # 1-2 at 6). Plaintiffs allege that prior to the accident, they had underinsured motorist ("UIM") coverage

---

[1] Pursuant to District of Nevada Special Order 109(III)(F)(4), a separate document must be filed on the docket for each purpose. The court cannot consider plaintiffs' request for leave to amend unless it is filed separately, as a motion.

**James C. Mahan**
**U.S. District Judge**

1  for $250,000 per person under an automobile policy ("policy") issued by defendant. (*Id.*). Plaintiffs further allege, *inter alia*, that defendant undervalued their claims and withheld the full extent of their entitled policy benefits. (*Id.* at 7).

In the instant motion, defendant seeks dismissal of plaintiffs' second, fourth, and fifth claims. (Doc. # 6). The court will address each in turn.

## II.    Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.*

(internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

## III. Analysis

### A. Breach of fiduciary duty/bad faith (claim two)

Defendant argues that dismissal is appropriate because plaintiffs' breach of fiduciary duty/bad faith claim is duplicative of their breach of the covenant of good faith claim. In support, defendant asserts that Nevada law recognizes a "special relationship" between an insurer and insured, not a "fiduciary duty." Defendant contends that failure to perform in accordance with such relationship gives rise to a breach of the covenant of good faith and fair dealing claim, not a breach of fiduciary duty claim.

In response, plaintiffs concede that no fiduciary duty exists and acknowledge that claim two is mistitled. Instead, plaintiffs argue that claim two is a claim for tortious bad faith as related to defendant's breaches of its "fiduciary-like" duties and, thus, not duplicative of claim three. The court agrees.

To state a claim for bad-faith refusal to pay an insurance claim, "plaintiff[s] must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998).

Plaintiffs allege that they made a timely claim pursuant to their UIM policy and submitted all relevant documentation. Plaintiffs allege that defendant in bad faith failed to reasonably,

1  properly, fairly, and timely evaluate and tender the benefits due to them pursuant to the UIM policy.
2  Plaintiffs further allege that defendant undervalued their claims and withheld the full extent of their
3  entitled benefits under the UIM policy, violating the "special relationship duty."

4  Although the title is poorly worded, plaintiffs' second claim is a claim for tortious bad faith
5  and will be construed as such.  Thus, defendant's contention regarding a breach of fiduciary claim
6  being duplicative is irrelevant.  Accordingly, defendant's motion to dismiss will be denied as to
7  claim two.

8     B.  *Claim four: Unfair Claims Practices Act under NRS 686A.310*

9  Nevada's laws regarding unfair trade practice are detailed in NRS 686A.310.  This statute
10 lists sixteen activities that constitute unfair practice in the insurance context and allows for a private
11 right of action by an insured against the insurer for a violation of the statute.  *See* NRS
12 686A.310(1)(a)-(p); *Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F. Supp. 900, 903 (D. Nev. 1974).
13 "The provisions of NRS 686.A310 address the manner in which an insurer handles an insured's
14 claim [even if] the claim is denied."  *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d
15 1223, 1236 (D. Nev. 2010).

16 Defendant argues that plaintiffs failed to identify the subsections of NRS 686A.310 that it
17 allegedly violated and such failure does not meet the standard of *Iqbal* or *Twombly*.  The court
18 agrees.  The allegations set forth in plaintiffs' complaint fail to state a claim under NRS 686A.310
19 as it merely recites various unidentified subsections of NRS 686A.310.  This is insufficient as a
20 matter of law as it pleads no facts whatsoever.

21 In response, plaintiffs argue that, in *Starr v. Baca*, 633 F.3d 1191 (9th Cir. 2011), the Ninth
22 Circuit concluded that the heightened pleading standards of *Iqbal* and *Twombly* do not apply to non-
23 complex cases, such as the instant case.  Plaintiffs' argument is without merit as their argument is
24 based on a case that was superseded by *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).  Importantly,
25 the controlling case does not support such a contention.

26 Therefore, defendant's motion to dismiss will be granted as to claim four.
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

       *C.*    *Claim five: negligent and/or intentional misrepresentation*

Defendant argues that plaintiffs' claim for negligent and/or intentional misrepresentation is insufficiently pled. In response, plaintiffs contend that such pleading standards did not bind them when the complaint was drafted and filed in state court and, thus, defendant's argument is ineffective.

The court disagrees. "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction. . . ." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (internal citations omitted). Although the complaint was originally filed in state court, it is still subject to the federal pleading standards.

To state a claim for misrepresentation, plaintiffs must allege facts demonstrating that: (1) defendant made a false misrepresentation of a material fact; (2) defendant knew or believed the representation to be false, or had an insufficient basis for making the representation; (3) defendant intended to induce plaintiffs to act or refrain from acting in reliance upon the misrepresentation; (4) plaintiffs justifiably relied upon the misrepresentation; and (5) plaintiffs were damaged from such reliance. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992).

In addition, any claim for fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiffs must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Plaintiffs' complaint merely recites the elements for a misrepresentation claim and fails to allege any facts whatsoever as to the time, place, and manner of defendant's alleged acts of fraud. This fails to meet the standard set forth by *Iqbal* and comes woefully short of meeting the heightened pleading requirement for fraud under Rule 9(b).

Thus, defendant's motion to dismiss will be granted as to claim five.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## IV. Conclusion

In sum, defendant's motion to dismiss plaintiffs' second claim for bad faith is denied without prejudice as it is not duplicative of a claim for breach of the covenant of good faith. Further, the court grants defendant's motion to dismiss plaintiffs' fourth claim under NRS 686A.310 and fifth claim for negligent and/or intentional misrepresentation as plaintiffs failed to meet the requisite pleading standards.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. # 6), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that claims four and five of plaintiffs' complaint (doc. 1-1) are DISMISSED without prejudice.

DATED August 4, 2014.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE